

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| MATTHEW J. CASTELLI, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.: 1:09CV1346<br>) GBL/JFA |
| ALLSTATE INSURANCE<br>    COMPANY,<br>SERVE:   Commonwealth Legal<br>            Services Corporation<br>            Registered Agent<br>            4701 Cox Road<br>            Suite 301<br>            Glen Allen, VA 23060 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendant. | )<br>) |

## COMPLAINT

COME NOW the Plaintiff, MATTHEW J. CASTELLI, ("Plaintiff", "Insured" or "Castelli"), by counsel, and files this Complaint against the Defendant, ALLSTATE INSURANCE COMPANY (hereinafter "Allstate" or "Insurer"). and hereby states and alleges the following:

This is an action, which seeks in part, a declaratory judgment brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and Section 2201 of Title 28 of the United States Code to declare the right and other legal relations surrounding questions of actual controversy that presently exist between Plaintiff and Allstate. The Plaintiff also seeks money damages.

## JURISDICTION

1. This action is one in which the Court has original jurisdiction under the provisions of Section 1332 of Title 28 of the United States Code, in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.000, exclusive of interest and costs.

2. Plaintiff is an individual residing in the Commonwealth of Virginia.

3. Upon information and belief, the Defendant, Allstate is a corporation authorized to write homeowners insurance in the Commonwealth of Virginia.

## VENUE

4. Venue is proper pursuant to 28 U.S.C. § 1391(a) in that Castelli maintained the residence which is the subject matter of this action in this venue, the Defendant does business here, and in which a substantial part of the events or omissions giving rise to the claim occurred here.

## THE CONTRACT OF INSURANCE

5. Allstate is an insurance company, which offers to insure casualty losses, property losses, economic interests, and other interests in the Commonwealth of Virginia. It procures business in Virginia through its agents having offices in Virginia who are authorized to issue insurance binders to individuals seeking various forms of insurance coverage.

6. At all times relevant hereto, Plaintiff has been the owner of improved real property located at 24 Foggy Field Lane, Fredericksburg, Virginia 22406 ("Property") which they had an ownership interest in, and used as their residence.

7. The Property was covered under the policy of insurance issued by Allstate and described below.

8. At all time relevant hereto the Plaintiff owned personal property located in, or, or which was used in conjunction with the Property ("Personal Property" or "Contents").

9. Plaintiff entered into a contract of insurance with Allstate, by which Allstate agreed to insurance coverage, including coverage for, but not limited to, insurance coverage for the Property, including Plaintiff's dwelling, alternative living expenses, Personal Property, and the contents of the dwelling.

10. Allstate issued an insurance policy to the Plaintiff which covered the Property, and which, at all times applicable hereto, was in full force, and for which, all insurance premiums had been fully paid.

11. A copy of what Allstate has said is the policy is attached hereto as Exhibit 1.

12. Upon information and belief, the Plaintiff purchased and had coverage for damage resulting from water backing up from drains.

13. It is believed that the Policy may have amendments which have not been produced by Allstate and which may be part of the Policy. The insurance policy along with all declaration pages and amendments thereto is referred to herein as the "Policy."

Case 1:09-cv-01346-GBL-JFA   Document 1   Filed 12/07/2009   Page 4 of 7

14. The Policy issued by Allstate to the Plaintiff was an "all risk" policy, by which Allstate agreed to cover and insurance against damage due to all risks of loss, other than those excluded or limited under the policy.

15. On or about May 9, 2008 a tornado hit the area in which the Property was located causing damage, injury, destruction and loss to the Property and Contents, including, but not limited to a partial collapse of a portion of the Property, and other damage to the structure itself.

16. The Property sustained damage from the wind and rainstorm and resulting in physical damage, injury and destruction to the dwelling and contents and further damage resulting therefrom.

17. The loss and damage which was sustained and resulted from the covered cause of loss, and such loss, damage and injury was not excluded or limited under the policy.

18. A claim was made with Allstate.

19. Allstate paid a portion of the loss but refused to pay the claim in full.

20. Allstate has Plaintiff has incurred loss which is covered under the policy, but for which Allstate has failed to make payment.

21. Despite its obligations under the Virginia insurance statutes and regulations Allstate refused to adjust the case in a good faith method and failed to adjust the claim in writing or provide period written reports on the status of its investigation.

22. Plaintiff has satisfied all conditions precedent to the filing of this suit, if any, which exist under the Policy, or those conditions have been waived by the insurer.

4

23. Plaintiff has supplied Allstate with proofs of loss, which have not been responded to by Allstate to as required by the Policy and by Title 38.2 of the Virginia Code.

24. The Insurer has breached its obligations under the contract of insurance.

25. Allstate has an obligation to pay all amounts due under the insurance policy.

26. Allstate has breached its obligation to make full payment.

27. The Plaintiff has been damaged by the breach of contract by Allstate.

28. Allstate has failed to pay in full the claims of the Plaintiff related to the loss including, **but not limited to**, amounts due for Additional Living Expenses ("ALE"), Personal Property Protection Coverages, Dwelling Protection Coverages (based on a replacement cost and actual cash value place), Emergency Repairs, Loss Remediation, Extra Expenses, contents damages, mold remediation (mold as a result of a covered loss not as a cause of loss), restoration costs, roof repairs, industrial hygienist costs, remediation costs for damages resulting from the covered loss and peril, etc. . . .

29. Allstate had an obligation to adjust and pay this claim promptly and Plaintiff is entitled to interest on the monies owed by Allstate from a date no later than 30 days after the claim until the amount is paid.

30. The Plaintiff has had to make payments out of their own funds given the failure of Allstate to abide by its commitments.

31. Allstate has breached its obligations under the contract of insurance for many reasons including, but not limited to, failing to adjust the loss in a timely manner, failing to pay the undisputed portion of the coverage, failing to keep the insured advised of the status of the claim as required by law and/or regulation, failure to

consider the claim of the plaintiff in light of the Policy provisions, failure to acknowledge and act on the proofs of loss as submitted by the Plaintiff and as required by the Policy, by delaying the adjustment process, by failing to involve the Allstate environmental unit as to the costs and damages which resulted from the covered loss and are covered under the policy, by alternating and shifting the adjustment of the Plaintiff's loss to multiple adjusters slowing the adjustment period, frustrating the orderly administration of the adjustment, and requiring the Plaintiff to do additional work on various occasions, all among other things.

32. Allstate's failure to adjust the loss in good faith has resulted in damage to the Plaintiff.

33. Va. Code § 38.2-209 provides in pertinent part that:

> Notwithstanding any provision of law to the contrary, in any civil case in which an insured individual sues his insurer to determine what coverage, if any, exists under his present policy . . . the individual insured **shall be entitled** to recover from the insurer costs and such reasonable attorney fees as the court may award. However, these costs and attorney's fees shall not be awarded unless the court determines that the insurer, **not acting in good faith**, has either denied coverage or failed or refused to make payment to the insured under the policy. "Individual," as used in this section, shall mean and include any person, group, business, company, organization, receiver, trustee, security, corporation, partnership, association, or governmental body, and this definition is declaratory of existing policy.

34. This action constitutes a suit by the Plaintiff to determine what coverage exists.

35. Allstate has not adjusted the loss in good faith and has denied and has refused to make payment under the policy of insurance in a timely manner and has refused or failed to take such other actions as are necessary to adjust the loss in good faith.

36. In addition to a judgment for the amount of the loss, the Plaintiff is entitled to payment of its costs and attorneys fees herein.

WHEREFORE, the Plaintiff moves this Court to enter judgment against the Defendant Allstate compensatory damages, plus interest from the date of loss until the time of judgment at the legal rate, and at the judgment rate thereafter until paid, costs and such other relief as to this Court may seem just and mete.

                                              MATTHEW J. CASTELLI
                                              By Counsel

**A TRIAL BY JURY IS DEMANDED**

**SILVER & BROWN**
A Professional Corporation
10621 Jones Street, Suite 101
Post Office Box 1108
Fairfax, Virginia 22030
(703) 591-6666
(703) 591-5618 /Facsimile

By: _____
      C. Thomas Brown, Esquire
      Va. State Bar No.: 23743
      Counsel for Plaintiffs