UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

MATTHEW J. CASTELLI

    Plaintiff,

v.                                  Case No. 1:09-cv-1346-GBL/JFA

ALLSTATE INSURANCE COMPANY

    Defendant.
_____/

### REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ROLYN CONSTRUCTION COMPANIES

In opposition to the Motion to Compel, Plaintiff (and not Rolyn Construction) asserts that there was a failure to contain a "meet and confer" statement as required by Local Rule 37(E).[1] Contrary to this statement, an effort was made to work out this issue with the subpoenaed party. A letter was sent to Mark Futrovsky dated June 24, 2010, a copy of which is attached as Exhibit 1. A request was made for the missing documents, and the subpoenaed party was advised that the letter was a request to resolve a dispute concerning production of documents. No response was ever received to the June 24, 2010 letter. As a result, there was a good faith effort to resolve discovery issues.

Concerning the argument that there was a failure to provide a copy of the subpoena to Plaintiff's counsel. In May, 2010 Attorney Tom Brown called the undersigned and requested a copy of the subpoena. It is unknown why he did not receive a copy, but a copy should have been

---

[1] Rolyn Construction was personally served with the Notice of Hearing on this matter on July 21, 2010. No opposition was filed by Rolyn.

sent to Mr. Brown. It is understood that Plaintiff's counsel asserts that he did not receive a copy of the subpoena. The undersigned instructed his assistant to provide Mr. Brown with a copy of the subpoena, and that was done. Neither Rolyn nor Mr. Brown on behalf of the Plaintiff objected to the contents of the subpoena, or the scope of the subpoena.

An assertion has also been made that there was a failure to set out the full text of Rule 45(C) and (D) in the subpoena. Contrary to the assertion made by Plaintiff, the copy of the subpoena, as contained in Allstate's counsel's office, does contain this information, and contains the standard form back side of the Rule 45 subpoena. In fact, the subpoena was simply printed from the Court's website. (See Exhibit 2, attached).

Finally, concerning the issue of the relevancy of the discovery request, the involvement of the Rolyn Construction Companies and its relationship with the Goodman-Gable-Gould company is extremely relevant in this case. The Goodman-Gable-Gould company is a public adjusting firm, that was retained by the Plaintiff on a contingent fee basis. That is, the higher the estimates, the more money that could be claimed, the greater the fee for Goodman-Gable-Gould. Goodman-Gable-Gould has had a long-standing working relationship with Rolyn Construction.[2] This close financial relationship has changed over time. At one time, Rolyn's fee was a percentage of the recovery obtained by the Goodman-Gable-Gould company. At another time, there was a fee-splitting arrangement whereby Rolyn would pay a kickback to the Goodman-Gable-Gould company if it ultimately obtained the contract to perform the repairs. Still other agreements call for Rolyn to prepare certain estimates on behalf of the Goodman-Gable-Gould

---

[2]The undersigned has been involved in a large number of cases in which the Goodman-Gable-Gould company has also been involved, and in every single case, Rolyn Construction is also involved.

2

company. This relationship, the fees earned, and how they are earned all goes to the bias of Rolyn, and is critical to one of the remaining issues left in the current litigation: assuming that there is coverage under the policy, what is the reasonable cost to repair, and what is the actual cash value of the loss.

The Federal Rules of Civil Procedure broadly define relevancy. The scope of production under Rule 45 (Subpoenas) is coexistent with the scope of production under Rule 34, Fed. R. Civ. P.. *Castle v. Jallah*, 142 FRD 618 (E.D.Va 1992). The burden is upon the person objecting to the discovery (Rolyn) to show that discovery should not be allowed. *Id.*

In this case, Rolyn asserts that the information being requested is "privileged and confidential" without any reference to what privileged documents would be involved (no attorney-client privilege is being claimed, nor is there any work product privilege being claimed as it relates to Rolyn). Further, there is no indication that the relationship between Rolyn and Plaintiff's public adjuster is confidential. In fact, testimony concerning the relationship has been provided in earlier cases. Finally, under Rule 45, any objections to the subpoena have been waived.

Because Allstate complied with the requirements of the Rules, and because Rolyn has not made any objection to the subpoena, this Court should order Rolyn to immediately produce the requested information.

**ALLSTATE INSURANCE COMPANY**
By Counsel

3

/s/ Stephen A. Horvath
Stephen A. Horvath, Esquire
Virginia State Bar No. 19133
*Counsel for Defendant Allstate Insurance Company.*
TRICHILO, BANCROFT, McGAVIN,
HORVATH & JUDKINS, P.C.
3920 University Drive
Fairfax, Virginia  22030
Telephone:  (703) 385-1000
Facsimile:  (703) 385-1555
shorvath@vadctriallaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of July, 2010, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

C. Thomas Brown
VSB No. 23743
*Counsel for Plaintiffs*
Silver & Brown
10621 Jones Street, Suite 101
Post Office Box 1108
Fairfax, Virginia  22030
tom@virginia-lawyers.com

Michael R. Sklaire, Esq.
Virginia E. Robinson, Esq.
Greenberg Traurig, LLP
1750 Tysons Blvd., Suite 1200
McLean, Virginia 22102
*Counsel for Defendant*
*EMC Mortgage Corporation*
sklairem@gtlaw.com
robinsonv@gtlaw.com

      I hereby certify that a true and correct copy of the foregoing was mailed, postage pre-paid this 27th day of July, 2010 to the following:

Rolyn Construction Comanies
c/o Mark Futrovsky, President
5706 Frederick Avenue
Rockville, Maryland 20852

                                    /s/ Stephen A. Horvath
Stephen A. Horvath, Esq.
Virginia State Bar No. 19133
*Counsel for Defendant Allstate Insurance Company.*
TRICHILO, BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
3920 University Drive
Fairfax, Virginia 22030
Telephone: (703) 385-1000
Facsimile: (703) 385-1555
shorvath@vadctriallaw.com

LAW OFFICES
# TRICHILO, BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.

3920 UNIVERSITY DRIVE

FAIRFAX, VIRGINIA 22030

(703) 385-1000
(703) 385-1555 (FAX)
www.tbmhjlaw.com

BENJAMIN J. TRICHILO *
STEVEN W. BANCROFT
JOHN D. McGAVIN *
STEPHEN A. HORVATH *
JULIA B. JUDKINS
MELISSA HOGUE KATZ *
DAWN E. BOYCE *
HEATHER K. BARDOT
MICHAEL E. THORSEN

BRIAN C. WILBERG *
DANA L. TUBB *
AMY A. LOMBARDO *
ALEXANDER J. CONN
WESLEY D. ALLEN
NICHOLAS LAWRENCE

OF COUNSEL
JOSEPH C. VEITH III *

*ALSO ADMITTED IN DC

June 24, 2010

Mark Futrovsky, President
Rolyn Companies, Inc.
5706 Frederick Avenue
Rockville, Maryland 20852

    Re:   *Matthew J. Castelli v. Allstate Insurance Co.*
          U.S. District Court for the Eastern District of Virginia
          Case No. 1:09-cv-1346

Dear Mr. Futrovsky:

    I am in receipt of your letter of May 25, 2010 which includes only some of the documents requested in the subpoena. In particular, no documents have been produced concerning 1099s, or other documents showing income earned by Rolyn as a result of work provided or recommended by the Goodman-Gable-Gould company for the last five (5) years. Nor have any documents been produced concerning agreements between Rolyn Companies, Inc and the Goodman-Gable-Gould/Adjusters International, Inc for the last five (5) years. Please see that these documents are produced immediately.

    Finally, while I have estimates from your company for the work to be performed at the Castelli house, I do not actually have any agreements for the work being performed.

    Because this matter involves a subpoena that was issued in federal court, please consider this letter as a request to resolve a dispute concerning the production of documents. If you will not willingly produce the documents that have been previously requested (and to which no objection was ever made), please let me



EXHIBIT 1

Mark Futrovsky, President
June 24, 2010
Page 2

know so that we can have this matter brought to the attention of the Court. I look forward to hearing from you.

Sincerely,

Stephen A. Horvath

SAH/ljk

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

| Eastern | DISTRICT OF | Virginia |

MATTHEW J. CASTELLI

V.

ALLSTATE INDEMNITY COMPANY

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  1:09cv1346

TO:  Rolyn Companies, Inc.
     5706 Frederick Avenue
     Rockville, Maryland 20852

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See attached Exhibit "A"

| PLACE  Trichilo, Bancroft, McGavin, Horvath & Judkins, P.C., 3920 University Drive, Fairfax, VA 22030 | DATE AND TIME  5/26/2010 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE  May 5, 2010 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Stephen A. Horvath, Esquire, Bar No. 19133, 3920 University Drive, Fairfax, VA  22030  (703-385-1000)

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.


EXHIBIT 2

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____    _____
                    DATE                           SIGNATURE OF SERVER

                                                    _____
                                                    ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

Exhibit A
(Rolyn Companies, Inc.)

1. All documents concerning any agreements between Rolyn Company, Inc. and Matthew Castelli.

2. All documents concerning any agreements between Rolyn Company, Inc. and the Goodman-Gable-Gould/Adjusters International, Inc. for the last 5 years. This would include contracts, fee agreements and understandings related to conducting appraisals, payments for appraisals and estimates, conducting estimates as well as fees earned as a result of work provided by or through the Goodman-Gable-Gould/Adjusters International, Inc.

3. All 1099's and W-2's or other documents showing income earned by Rolyn as a result of work provided or recommended by the Goodman-Gable-Gould company for the last 5 years.

4. All emails, correspondence or communications concerning the claim by Matthew Castelli.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

| Eastern | DISTRICT OF | Virginia |

MATTHEW J. CASTELLI

V.

ALLSTATE INDEMNITY COMPANY

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 1:09cv1346

TO: Rolyn Companies, Inc.
5706 Frederick Avenue
Rockville, Maryland 20852

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See attached Exhibit "A"

| PLACE | DATE AND TIME |
|---|---|
| Trichilo, Bancroft, McGavin, Horvath & Judkins, P.C., 3920 University Drive, Fairfax, VA 22030 | 5/26/2010 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | May 5, 2010 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Stephen A. Horvath, Esquire, Bar No. 19133, 3920 University Drive, Fairfax, VA 22030 (703-385-1000)

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| Matthew J. Castelli | ) |
| | ) |
| **Plaintiff** | ) Case No.: 1:09cv1346 |
| v. | ) |
| Allstate Indemnity Company | ) |
| **Defendant** | ) |

## AFFIDAVIT OF SERVICE

I, Frederick Parsons, Jr., a Private Process Server, being duly sworn, depose and say, I have been duly authorized to make service of the documents listed herein in the above entitled case, I am over the age of eighteen years and am not a party to or otherwise interested in this matter.

DOCUMENT(S) SERVED: Subpoena Duces Tecum with Exhibit A

SERVE TO: Rolyn Companies, Inc.
SERVICE ADDRESS: 5706 Frederick Avenue, Rockville, Maryland 20852

DATE SERVED: May 06, 2010   TIME SERVED: 3:35 PM

PERSON SERVED: Mark Futrovsky, President, authorized to accept.

Described herein:
Gender: Male   Race/Skin: White   Hair: Grey   Age: 52   Height: 6'2"   Weight: 175

I declare under penalty of perjury that I have read the foregoing information contained in the Affidavit of Service and that the facts stated in it are true and correct.

5-7-10
Executed on:

Frederick Parsons, Jr.
CAPITOL PROCESS SERVICES, INC.
1827 18th Street, NW
Washington, DC 20009-5526
(202) 667-0050