UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

MATTHEW J. CASTELLI

    Plaintiff,

    v.                        Case No. 1:09-cv-1346-GBL/JFA

ALLSTATE INSURANCE COMPANY

    Defendant.

    _____/

**<u>DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO MOTION IN LIMINE TO STRIKE THE
EXPERT DESIGNATION OF JOE W. JENKINS</u>**

This matter involves a claim under a policy of insurance issued by Allstate Indemnity Company. The Plaintiff, Matthew J. Castelli, owns a property located at 24 Foggyfield Lane, Fredericksburg, Virginia. The property was a damaged as a result of wind from a tornado which struck the area in Spotsylvania County on May 9, 2008.

Allstate immediate responded to the claim, and determined that the house could be repaired. The Plaintiff took the position that the house was a total loss, and could not be repaired. The dispute went to the appraisal process, and at the appraisal process, a determination was made that the house could be repaired. However, left out of the appraisal process was a claim for mold damage in the basement.

The current lawsuit concerns the claim for mold damage to the basement. According to the Plaintiff's industrial hygienist, the basement became wet sometime after the storm, and as a result, mold grew in the basement, and portions of the basement need to be repaired and replaced. The Plaintiff has also submitted an estimate from Rolyn Companies, Inc. to repair the

basement. The Rolyn estimate for the cost to repair is $76,142.74.[1] Allstate's position is, among other things, that the claim for mold damage was not covered because the policy provides "we do not cover loss consisting of or caused by any of the following: ... (c) rust, mold, wet or dry rot...". Further, the property was not damaged as a result of the storm, but rather as a result of exposure to the elements and a failure to remediate the property after the loss occurred.

In response to the expert designation made in this matter by the Plaintiff of Edward Cameron, Allstate retained the services of Joe W. Jenkins to simply review the estimate prepared by Mr. Cameron, and determine whether or not the estimate was reasonable or excessive. Plaintiff has now filed a motion to strike Joe W. Jenkins, Allstate's expert, on the basis that the designation was late, the designation was incomplete, and the expert testimony does not comply with the *Daubert v. Merrill Dow Pharms., Inc.*, 509 U.S. 579 (1993) standard.

**A.     To the Extent That the Expert Designation Was Late, Plaintiff Has Not Been Prejudiced, and the Court Should Extend the Time for the Designation.**

The expert designation that was filed by Allstate in this matter was, in fact, late, and outside the time as set forth in the parties discovery plan. This was as a result of a simply mis-diarying of the matter, and putting the due date for the experts designation at a much later time than it actually was. Through this simple inadvertence, the expert designation was not timely.

When an act must be done within a specified time, the Court may, for good cause, extend the time if the failure to act was based on excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Here,

---

[1] This is not the amount of the claim because the cost to repair must be reduced to the actual cash value of the loss pursuant to the terms of policy of insurance. That is, depreciation is taken. No experts have been identified to testify as to the actual cash value of the loss. See, *Whitner v. Graphic Arts Mutual Insurance Company*, 242 Va. 349, 410 S.E.2d 642 (1991), Va. Code §38.2-2119.

the excusable neglect was a mis-diarying of the date when the expert designation was due. Further, the Plaintiff has not alleged any prejudice in this matter.  In fact, in discussions with Plaintiff's counsel, Plaintiff's counsel has admitted that his expert is now revisiting the numbers in his report, and will be adjusting some of those numbers to comply with the statements made by Joe Jenkins and his expert designation.  To the extent that Plaintiff feels a need to designate a rebuttal expert, Defendant would certainly not object to additional time to designate such a rebuttal expert.  Nor would Allstate object to the Plaintiff's expert amending the damage statement.[2]

**B.     The Disclosure Complies with the Requirements of Rule 26.**

The Plaintiff complains that the disclosure fails to comply with the requirements of Rule 26.  The report does comply with those requirements.  Pursuant to Fed. R. Civ. P. 26(a)(2)(B), the written report contains a complete statement of the opinions of the witness.  His opinion is that the cost to repair as claimed by the Plaintiff on certain items is not appropriate. The estimate explains why they are not appropriate, and what the appropriate amounts should be.  Second, the data or information considered by the witness was contained in the report dated July 7, 2010.  In paragraph 2, Mr. Jenkins states "you have asked me to review the estimate prepared by Rolyn Companies and provide an opinion concerning the costs associated with the repairs."  That is the document that he reviewed and is set forth in the estimate.  Further, there is a discussion of the pricing using the Xactimate program, a program commonly used by experts in this field.  Third,

---

[2] As a practical matter, the Plaintiff's damage statement does not make a claim for the actual cash value of the loss, and no depreciation has been taken.  As a result, the Plaintiff does not even have evidence of a *prima facie* case of damages.

3

there are no exhibits that will be used to summarize or support the opinions, and as a result that requirement is not needed.  Fourth, the witnesses qualifications have been set forth in the report. He has been a large loss estimator in the construction industry for a number of years, including five years as a large loss estimator for Jenkins Restoration.  He has experience in determining the extent of property damage and the scope of repairs for storm-related damages including damage caused by tornadoes.  Finally, he has indicated that he is familiar with the cost of estimating any customary and normal fees associated with many of the repairs.  Concerning the list of publications, none are listed, because the witness has not authored any publications.  Fifth, the identity of all other cases in which he has testified as an expert is provided.  There is one other case.  Finally, there is a statement as to his compensation.  He has spent four hours at the rate of $125 per hour.

The Plaintiff further questions the admissibility of the testimony on a *Daubert* challenge. The providing of a cost to repair and estimate a house is certainly not rocket science, which requires particular scientific theory, which has been subject to peer review, or special standards or techniques.  Rather, here, the expert has simply looked at the estimate performed by the Plaintiff's expert, which uses as a basis an Xactimate program, and challenged the cost items in that estimate as being unreasonable, duplicative, or unnecessary.  The providing of expert testimony for costs to repair is normally such a pro forma item, that in state courts, affidavits are typically used for the cost to repair a motor vehicle.  See Va. Code §8.01-416.

This Court should deny the Motion to Strike, and permit Mr. Jenkins to testify.

                                      **ALLSTATE INDEMNITY COMPANY**
                                      By Counsel

/s/_Stephen A. Horvath
Stephen A. Horvath, Esq.
Virginia State Bar No. 19133
*Counsel for Defendant Allstate Insurance Company*
TRICHILO, BANCROFT, McGAVIN,
HORVATH & JUDKINS, P.C.
3920 University Drive
Fairfax, Virginia  22030
Telephone:     (703) 385-1000
Facsimile:     (703) 385-1555
shorvath@vadctriallaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of August, 2010, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

C. Thomas Brown
VSB No. 23743
*Counsel for Plaintiffs*
Silver & Brown
10621 Jones Street, Suite 101
Post Office Box 1108
Fairfax, Virginia  22030
tom@virginia-lawyers.com

Michael R. Sklaire, Esq.
Virginia E. Robinson, Esq.
Greenberg Traurig, LLP
1750 Tysons Blvd., Suite 1200
McLean, Virginia 22102
*Counsel for Defendant*
*EMC Mortgage Corporation*
sklairem@gtlaw.com
robinsonv@gtlaw.com

/s/ Stephen A. Horvath
Stephen A. Horvath, Esq.
Virginia State Bar No. 19133
*Counsel for Defendant Allstate Insurance Company.*
TRICHILO, BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
3920 University Drive
Fairfax, Virginia  22030
Telephone:     (703) 385-1000
Facsimile:     (703) 385-1555
shorvath@vadctriallaw.com